UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL A. ADAMS,

Petitioner,

v.

HOYT A. BRILL, and
JON E. LITSCHER,

Respondents.

Civil No. 00-106 (ADM/JGL)

**ORDER**

On January 18, 2000, Petitioner, a prisoner of the State of Wisconsin, filed a petition for a writ of habeas corpus, challenging the legality of his incarceration at the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota. The Court issued an Order To Show Cause on January 19, 2000, directing the named Respondent, Warden Hoyt Brill, to file a response to the petition and explain why the writ should not be granted.

On February 22, 2000, Respondent filed three motions in response to the Order to Show Cause: (1) a motion to substitute Jon E. Litscher as the named respondent in this action, [Docket No. 8], (2) a motion to dismiss the petition, [Docket No. 10], and (3) a motion to stay the filing of a complete return to the petition until after the motion to dismiss is resolved, [Docket No. 9]. Thereafter, Petitioner filed two self-styled motions entitled "Motion For Order To Grant Petition," [Docket No. 12], and "Motion To Strike," [Docket No. 13]. Most recently, Respondent filed a "Motion To Enlarge Time To Respond To Petitioner's Motion For Order Granting Petition," [Docket No. 15], and Petitioner has filed a motion asking the Court to "quash" Respondent's motion for enlargement of time to respond, [Docket No. 16].

MAR 31 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Before the docket in this case becomes any more cluttered and confusing, the Court will address the various motions that are currently pending before it.

A. Motion To Stay Return and Motion To Dismiss

In lieu of filing a comprehensive return to the petition, Respondent has filed a motion to seeking to have it dismissed. Respondent's motion to dismiss was accompanied by a "Motion To Stay Return," asking for permission to delay the filing of a more complete return until after the Court has ruled on the motion to dismiss. Respondent's motion to dismiss, and the memorandum offered in support of that motion, [Docket No. 11], raise a number of potentially meritorious defenses to the petition. The Court finds that the defenses raised in the motion to dismiss should be addressed before any further response to the petition is required. Therefore, Respondent's motion to stay will be granted, and Respondent's motion to dismiss will be addressed in due course.

B. Motion To Substitute Respondent and Motion To Strike

Respondent has filed another motion suggesting that Jon E. Litscher should replace Hoyt Brill as the named respondent in this case. Litscher is the Secretary of the Wisconsin Department of Corrections, and Brill is the Warden at PCF. Petitioner has opposed Respondent's motion by filing a "Motion To Strike."

Federal case law consistently indicates that the proper respondent in a habeas corpus proceeding normally will be the warden at the facility where the petitioner is confined. See McCoy v. U.S. Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976) ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated"). Following that general rule

here, the Court will not allow Jon E. Litscher to replace Hoyt Brill as the named Respondent. However, Litscher probably qualifies as Petitioner's legal "custodian," (at least in some sense), and he undoubtedly has an interest in these proceedings. Therefore, the Court will order that Litscher become an additional respondent in this case, and that henceforth Brill and Litscher shall appear as co-respondents. Petitioner's "Motion To Strike" will be denied, because he has not adequately demonstrated that Litscher should not be allowed to appear as a co-respondent.[1]

C. Petitioner's Motion To Grant Petition

As far as the Court can discern, Petitioner's self-styled "Motion To Grant Petition," is a second request for habeas corpus relief. It is not clear, however, whether Petitioner is merely reiterating the claims for relief set forth in his original petition, or whether he is attempting to amend his original petition. In either event, the Motion To Grant Petition will be denied. If Petitioner is simply reasserting his original claims for relief, his "Motion To Grant Petition" must be viewed as redundant and harassing, and denied accordingly. If Petitioner is attempting to amend his original request for habeas corpus relief, his motion is denied on the grounds that (i) he has not been granted leave to amend, and (ii) he has not submitted an amended petition on the form prescribed for use in this District. (See Local Rules 9.3 and 15.1.)

Because the intent of Petitioner's "Motion To Grant Petition" is not readily apparent, and there remains the possibility that Petitioner wants to amend his petition, the Court will

[1] As a practical matter, the Court finds no reason to think that the final outcome of this case will be affected by who is named as the respondent.

grant Petitioner an opportunity to file an amended petition. If he chooses to do so, he will have to submit an entirely new petition on the form prescribed for use in this District, which shall be clearly labeled as "Amended Petition." He must state all of his claims in the amended petition itself; he may not refer back to his original petition or attempt to incorporate any part of it by reference.

If Petitioner chooses to file an amended petition, he must do so by no later than April 21, 2000. If he has not filed an Amended Petition by that date, the matter will be decided solely on the basis of Petitioner's original petition and Respondent's motion to dismiss. If Petitioner files an amended petition in a timely manner, the Court will review it pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. If the amended petition survives the Court's preliminary consideration pursuant to Rule 4, Respondents will be given an opportunity to respond to the amended petition before it is adjudicated.

D. Motion For Enlargement Of Time and Motion To Quash

Because Petitioner's "Motion To Grant Petition" will be denied, Respondent's motion seeking an enlargement of time to respond to that motion will be denied as moot. It follows that Petitioner's motion to quash Respondent's motion for enlargement of time must also be denied as moot.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED that**:

1. Respondent's "Motion to Stay Return," [Docket No. 9], is GRANTED;

2. Respondent's "Motion to Substitute Jon E. Litscher As Respondent," [Docket No.

8], is GRANTED IN PART AND DENIED IN PART, and henceforth Hoyt Brill and Jon E. Litscher shall be deemed to be co-respondents in this matter;

3. Petitioner's "Motion To Strike," [Docket No. 13], is DENIED;

4. Petitioner's "Motion To Grant Petition," [Docket No. 12], is DENIED;

5. Petitioner shall be granted until April 21, 2000, to file an amended petition, if he chooses to do so, which shall comply with the terms and conditions prescribed by the Court herein;

6. Respondent's "Motion To Enlarge Time To Respond To Petitioner's Motion For Order Granting Petition," [Docket No. 15], is DENIED AS MOOT; and

7. Petitioner's "Motion To Quash: The Unnamed Respondent's Motion To Enlarge Time To Respond And To Quash Petitioner's Motion For Order Granting Petition," [Docket No. 16], is DENIED AS MOOT.

Dated: March 30, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge