UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

PAUL A. ADAMS,

Petitioner,

v.

HOYT A. BRILL, and
JON E. LITSCHER,

Respondents.

---

Civil No. 00-106 (ADM/JGL)

**ORDER**

This case is presently before the Court for the purpose of resolving a number of recently filed motions, other requests for collateral relief, and various requests for "clarification." The specific matters to be addressed include the following: (i) Petitioner's request that his brief submitted April 3, 2000, be construed as a brief in support of his petition, (letter filed April 6, 2000; Docket No. 21); (ii) Petitioner's "Motion to Strike All Pleadings From Attorney Oeser [and] Motion to Dismiss Jon Litscher As Co-Respondent," (Docket No. 26); (iii) Petitioner's "Motion For Default Judgment," (Docket No. 29); and (iv) Petitioner's request for leave to be excused from serving Respondents, (letter filed April 21, 2000; Docket No. 33).

A. Motion To Construe Submission As Brief In Support Of Petition

On April 4, 2000, the Court received an 18-page handwritten submission from Petitioner, entitled "Petitioner's Brief In Opposition To Respondent's Brief." (Docket No. 20.) On April 6, 2000, the Court received a one-page letter from Petitioner, requesting that his brief "be construed as a brief in support of [his] petition submitted 18th Jan[uary] 2000." (Docket No. 21.) This request by Petitioner will be granted, and his brief filed April 4,

FILED MAY 0 9 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2000, (Docket No. 20), will be accepted and considered by the Court as a brief in support of his original petition.[1] The brief will also be accepted and considered as a brief in opposition to Co-Respondents' pending motion to dismiss. (Docket No. 10.)

The Court has received correspondence from counsel for the Co-respondents, which seems to indicate that Co-respondents would like an opportunity to respond to Petitioner's brief. If Co-respondents still wish to file such a response, they shall do so by no later than May 19, 2000. If Co-respondents do file such a response, Petitioner shall have until June 2, 2000, to file a final reply to that response. If Co-respondents elect not to file any further response, Petitioner shall not file a final reply. No other briefing in support of the petition or in opposition to the petition shall be filed by either side, except as provided herein or as provided by further order of the Court.

2. Motion To Strike; Motion To Dismiss Co-Respondent Litscher

Petitioner has also filed a motion asking the Court to "strike all pleadings from Attorney Oeser on behalf of either Warden Hoyt Brill or Secretary Jon Litscher." (Attorney Oeser is the Wisconsin Assistant Attorney General who has thus far presented the defense for the Co-respondents in this matter.) Petitioner's motion also asks the Court to "dismiss Jon Litscher as the co-respondent." (Docket No. 26.) Petitioner has submitted a memorandum in support of this motion, (Docket No. 27), which has been reviewed by the

---

[1] The Court's order of March 30, 2000, (Docket No. 19), gave Petitioner until April 21, 2000, to file an amended petition, if he wished to do so. That date has now passed, and no amended petition has been filed. Moreover, Petitioner indicated in his letter filed on April 6, 2000, (Docket No. 21), that he was not planning to file an amended petition. Therefore, Petitioner's application for habeas corpus relief will be decided on the basis of the claims presented in his original petition, (Docket No. 1), which was filed on January 18, 2000.

Court. However, the relief requested in Petitioner's Motion to Strike/Motion to Dismiss will NOT be granted.

The Court first notes that Attorney Michael D. Oeser has been granted pro hac vice admission in this matter. (Docket No. 6.[2]) Petitioner does not deny that Oeser can properly appear on behalf of Co-respondent Litscher, and there is no reason why Co-respondent Brill should be compelled to duplicate the legal defense to Petitioner's claims that is being advanced by Oeser for the benefit of Litscher. If Co-respondent Brill chooses to rely on the defense presented by Attorney Oeser, the Court will not bar him from doing so. In fact, a single set of submissions from the Co-respondents is encouraged, as that will undoubtedly reduce the overall number of submissions in this case, (which already seems to be far greater than warranted).

As for the second part of Petitioner's motion, the Court has already determined that Jon Litscher, the Secretary of the Wisconsin Department of Corrections, is -- at least in some sense and for some purposes -- Petitioner's legal "custodian," and that he clearly has an interest in these proceedings. (See Order dated March 30, 2000; [Docket No. 19].) The Court finds no valid reason to set aside that determination. Litscher apparently is responsible for housing individuals who have received prison sentences in Wisconsin state court proceedings, and he apparently is the individual who is ultimately responsible for the prison transfer that Petitioner is now challenging. Furthermore, Petitioner has not

[2] Petitioner seems to be arguing, inter alia, that any submission filed by Attorney Oeser prior to his pro hac vice admission should be stricken. However, the docket sheet in this case shows that Attorney Oeser was granted pro hac vice admission on February 16, 2000, and that he did not file any papers in this case until sometime thereafter.

demonstrated that Litscher's appearance in this case will have any effect on the ultimate resolution of his habeas corpus claims. Habeas relief will be granted or denied based on the strength or weakness of Petitioner's legal position -- not the names that appear in the caption of his case. Thus, the Court concludes, (once again), that Litscher may appear and set forth his position in this case as a Co-respondent.

C. Motion For Default Judgment

Petitioner also has filed a motion asking the court to enter a default judgment in his favor. (Docket No. 29.) He contends that he is entitled to default judgment, because the originally named Respondent, Warden Hoyt Brill, has not personally responded to the Order to Show Cause that was entered in this case on January 20, 2000. (Docket No. 4.) It is readily apparent, however, that Brill has allowed his Co-respondent, Jon Litscher, to handle the defense of Petitioner's habeas corpus claims, (see "Consent For Substitution Of Respondent," [Docket No. 22]), and the Court has approved that arrangement, as noted above.

A response to the petition has been filed, namely the motion to dismiss filed on February 22, 2000, (Docket No. 10), and the Court has already determined that no further response to the petition will be required -- at least for now. (See Order dated March 30, 2000, [Docket No. 19], p. 2.) Thus, the Court concludes that the Co-respondents are not in default, and that Petitioner's motion for default judgment must be denied.

D. Motion To Be Excused From Service

Finally, Petitioner has submitted a letter asking "for leave not to serve Mr. Litscher and Mr. Oeser as they are not the legal and proper respondents in this matter." (Docket

No. 33.) This request will be denied, based on the Court's determination that Litscher will be a Co-respondent in this action, and that Attorney Oeser may represent him.

However, because it presently appears that Co-respondent Brill will be relying on Attorney Oeser to present a defense to Petitioner's habeas corpus claims, the Court finds no reason why Petitioner should be compelled to serve future submissions on Brill. Therefore, until otherwise directed by the Court, Petitioner will be required to serve copies of his submissions only on Attorney Oeser.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED that**:

1. Petitioner's request to construe his brief filed April 4, 2000, as a brief in support of his petition, (Docket No. 21), is GRANTED;

2. Petitioner's brief filed April 4, 2000, (Docket No. 20), shall be accepted and considered by the Court as both a brief in support of the original petition and a brief in opposition to Co-respondents' Motion to Dismiss;

3. Co-respondents shall have until May 19, 2000, to file a response to Petitioner's brief filed April 4, 2000, if they choose to do so. If -- and only if -- Co-respondents file such a response, Petitioner shall have until June 2, 2000, to file a reply to that response. No other briefing in support of the petition or in opposition to the petition shall be filed by either side, except as provided herein or as provided by further order of the Court.

4. Petitioner's "Motion To Strike All Pleadings From Attorney Oeser [and] Motion To Dismiss Jon Litscher As Co-respondent," (Docket No. 26), is DENIED;

5. Petitioner's "Motion For Default Judgment," (Docket No. 29), is DENIED;

6. Petitioner's request for leave not to serve Co-respondent Litscher and Attorney Oeser, (Docket No. 33), is DENIED, but henceforth Petitioner shall be required to serve copies of his submissions only on Attorney Oeser.

Dated: May 9, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge